**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| William Anthony, et al, ) | |
| ) | Civil Action No. 8:09-cv-02383-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| The Atlantic Group, Inc. d/b/a DZ Atlantic, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| Charles Adams, et al, ) | |
| ) | Civil Action No. 8:09-cv-02942-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| The Atlantic Group, Inc. d/b/a DZ Atlantic, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiffs' Amended Motion to Compel Discovery Documents [Dkt. No. 115, Civil Action No. 8:09-cv-02383-JMC and Dkt. No. 65, Civil Action No. 8:09-cv-02942-JMC] pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Atlantic Group, Inc. doing business as DZ Atlantic ("DZ Atlantic") provides support services for various companies within the power generation industry. As part of those support services, DZ Atlantic provides skilled craft and trade workers to perform maintenance and

1

modification work at nuclear and fossil electricity generating plants operated by companies like Duke Energy Carolinas, LLC ("Duke Energy").

Plaintiffs are former employees of DZ Atlantic. As part of their compensation as employees of DZ Atlantic, each plaintiff claimed eligibility for certain *per diem* amounts which were paid based on the plaintiff's residency relative to the location of the plaintiff's assigned workplace. Plaintiffs claim that they were wrongfully terminated after DZ Atlantic determined that Plaintiffs had claimed *per diem* amounts to which DZ Atlantic believed Plaintiffs were not entitled due to alleged discrepancies in Plaintiffs' residency information.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. To be relevant, the discovery sought simply must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenhiemer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If a party fails to answer an interrogatory submitted pursuant to Rule 33 of the Federal Rules of Civil Procedure or fails to produce a requested document, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3).

**DISCUSSION**

Plaintiffs filed the instant motion seeking to compel DZ Atlantic to produce copies of contracts between DZ Atlantic and Duke Energy for the years 2008 through 2011. Plaintiffs contend that the documents are relevant to the issue of *per diem* eligibility. Specifically, Plaintiffs claim that Duke Energy employee, Don Trapp, provided deposition testimony concerning the terms and conditions for *per diem* eligibility of DZ Atlantic's employees which was contained in the contracts between Duke Energy and DZ Atlantic. Plaintiffs contend that the information in the contracts will provide evidence regarding the falsity of statements and representations made by DZ Atlantic's supervisors and information about whether those statements were made with negligence or with knowledge of their falsity. Plaintiffs further contend that the contracts will provide evidence concerning the applicable definition of the term "permanent resident," evidence concerning DZ Atlantic's alleged damages and counterclaims against Plaintiffs, and evidence concerning DZ Atlantic's duties to Duke Energy in regards to *per diem* payments.

DZ Atlantic contends that Plaintiffs have demanded documents that include highly sensitive, confidential, and trade secret information between DZ Atlantic and its non-party client, Duke Energy. DZ Atlantic further contends that it would be overly burdensome to produce the documents and that the information contained in the documents is not relevant to the litigation as the contracts did not play a part in the decision to terminate each Plaintiffs' employment. DZ Atlantic asserts that there is only one relevant paragraph in the contracts related to *per diem* eligibility and that Plaintiffs already have access to the information in the paragraph. DZ Atlantic also included the paragraph in its response to the motion. Lastly, DZ Atlantic claims that Plaintiffs' motion is nothing more than a fishing expedition and, therefore, should be denied.

Documents are not immune from discovery simply because they contain trade secrets. *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1185 (D.S.C. 1974) (internal citations omitted).

> The party resisting the discovery must demonstrate to the court that the information being sought is a trade secret and that its disclosure might be harmful. Once shown, the burden shifts to the party that seeks the discovery to establish the relevance of the trade secret to the lawsuit and that it is necessary to the action. If relevance and necessity are established, then the Court must balance the need for the information against the injury that would ensue if disclosure is ordered.

*In re Sealed Air Corp.*, 220 F.R.D. 452, 453 (D.S.C. 2004) (internal quotes omitted) (citing *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288 (D. Del. 1985)).

Assuming, without deciding, that DZ Atlantic's contracts with Duke Energy contain confidential or trade secret information and that the disclosure of such information would be harmful, the court finds that Plaintiffs have adequately demonstrated that the information they seek is relevant and necessary to this litigation. The issues presented in this case are acutely focused on *per diem* eligibility and DZ Atlantic concedes that the contracts contain at least one provision addressing *per diem* eligibility.

The court recognizes that the pricing information and similar information which DZ Atlantic claims as a trade secret is highly sensitive information which could be harmful if disclosed to a competitor. However, the court also recognizes that Plaintiffs are not industry competitors and, therefore, such disclosure does not pose the same risks. The court also acknowledges that discovery of confidential information in these cases are governed by Protective Orders [Dkt. No. 62, Civil Action No. 8:09-cv-02383-JMC and Dkt. No. 40, Civil Action No. 8:09-cv-02942-JMC] which provide for "confidential"and "attorneys eyes only" designations. In balancing the need for the information against the potential injury of disclosure, the court finds that disclosure is appropriate.

DZ Atlantic is hereby compelled to produce the contractual documents to Plaintiffs within ten (10) days of the date of this order. DZ Atlantic may designate the documents as "confidential" or "attorneys eyes only" in accordance with the Protective Orders. DZ Atlantic may further redact only those portions of the contracts which refer to a specific billing rate or pricing term, as those billing rates and pricing terms are not relevant to this litigation.

## CONCLUSION

Based on the foregoing, and upon consideration of the record herein, Plaintiffs' Amended Motion to Compel Discovery Documents [Dkt. No. 115, Civil Action No. 8:09-cv-02383-JMC and Dkt. No. 65, Civil Action No. 8:09-cv-02942-JMC] is **GRANTED**. The court declines to award any fees associated with the filing of this motion.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

August 20, 2012
Greenville, South Carolina