**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| William Anthony, *et al*, ) | |
| ) | Civil Action No. 8:09-cv-02383-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| The Atlantic Group, Inc. d/b/a DZ Atlantic, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| Charles Adams, *et al*, ) | |
| ) | Civil Action No. 8:09-cv-02942-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| The Atlantic Group, Inc. d/b/a DZ Atlantic, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant The Atlantic Group, Inc.'s ("DZ Atlantic") Motion to Compel Discovery [Dkt. No. 106, Civil Action No. 8:09-cv-02383-JMC and Dkt. No. 61, Civil Action No. 8:09-cv-02942-JMC][1], pursuant to Rule 37(a) of the Federal Rules of Civil

---

[1] Plaintiffs contend that DZ Atlantic's Motion to Compel Discovery is untimely. Because the parties were participating in ongoing efforts to resolve the discovery disputes arising from DZ Atlantic's First Interrogatories and First Requests for the Production of Documents to Plaintiffs, the court will allow DZ Atlantic to proceed with its motion. *See* Local Rule 37.01, D.S.C. (extending the time allowed for filing a motion to compel to include the time in which the parties have agreed to extend the time to complete discovery responses).

1

Procedure. For the reasons stated herein, DZ Atlantic's motions are granted.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

DZ Atlantic provides support services for various companies within the power generation industry. As part of those support services, DZ Atlantic provides skilled craft and trade workers to perform maintenance and modification work at nuclear and fossil electricity generating plants operated by companies including Duke Energy Carolinas, LLC ("Duke Energy").

Plaintiffs are former employees of DZ Atlantic. As part of their compensation as employees of DZ Atlantic, each plaintiff claimed eligibility for certain *per diem* amounts which were paid based on the plaintiff's residency relative to the location of the plaintiff's assigned workplace. Plaintiffs claim that they were wrongfully terminated after DZ Atlantic determined that Plaintiffs had claimed *per diem* amounts to which DZ Atlantic believed Plaintiffs were not entitled due to alleged discrepancies in Plaintiffs' residency information.

DZ Atlantic filed the instant motion seeking to compel Plaintiffs to produce certain information related to Plaintiffs' residency and *per diem* eligibility.[3]

---

[2]DZ Atlantic specifically requests information related to several individuals who are no longer parties to this action. The court will not address any portion of DZ Atlantic's motion which relates solely to the terminated parties. Additionally, this order does not apply to any party dismissed from the case prior to its issuance.

[3]DZ Atlantic urges the court to disregard Plaintiffs' objections to the discovery requests because Plaintiffs' responses to certain of the discovery requests were untimely. Upon review of the memoranda, the court finds that Plaintiffs have stated sufficient good cause to excuse their late response. *See* Fed. R. Civ. P. 33(b)(4). Plaintiffs' counsel relocated which resulted in delayed delivery of the discovery requests, and Plaintiffs provided their initial response to DZ Atlantic approximately three days to one week after the original due date.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. To be relevant, the discovery sought simply must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenhiemer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If a party fails to answer an interrogatory submitted pursuant to Rule 33 of the Federal Rules of Civil Procedure or fails to produce a requested document, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3).

## DISCUSSION

**Tax Return Information (First Request for Production of Documents No. 2)**

DZ Atlantic requests the court compel Plaintiffs to produce the portions of Plaintiffs' tax returns showing Plaintiffs' wages and address information. Plaintiffs do not dispute the propriety of the requests concerning the tax documents, but merely argue that some Plaintiffs have not yet been able to secure the documents for production. DZ Atlantic has explained that Plaintiffs may obtain the relevant portions of the tax returns by submitting a Request for Transcript of Tax Return, Form 4506-T, to the Internal Revenue Service ("IRS"). DZ Atlantic further asserts that there is no cost associated with this request to the IRS. Because the portions of the tax returns that DZ Atlantic

seeks from Plaintiffs is relevant to the issue of Plaintiffs' residency claims, the court compels each Plaintiff to fully respond to DZ Atlantic's request within ten (10) days of this order. To the extent that any Plaintiff does not have the information in his or her possession, such Plaintiff must submit a Form 4506-T to the IRS, provide DZ Atlantic with proof of such submission within ten (10) days of this order, and provide the tax information to DZ Atlantic no later than five (5) days after receiving the information from the IRS.

**Other Legal Proceedings and Audio, Video or Other Electronic Recordings (First Request for Production of Documents Nos. 3 and 6, and First Interrogatory No. 17)**

DZ Atlantic seeks clarification of Plaintiffs' responses to DZ Atlantic's requests for information related to Plaintiffs' participation in other legal proceedings and information related to the existence of recorded statements. Plaintiffs have responded that they have no responsive documents in their possession, but will continue to supplement their responses as more information becomes available. Plaintiffs do not otherwise dispute the discoverability of this information. While the court appreciates Plaintiffs' recognition of their duty to supplement their discovery responses, the court finds their responses to be equivocal. Therefore, the court compels Plaintiffs to provide DZ Atlantic with a full and complete response to these requests, which requires Plaintiffs to disclose details concerning the existence of the information and not simply whether they are in actual possession of it, within ten (10) days of this order.

**Electronically Stored Information Electronic Mail, and Social Networking Data (First Request for Production of Documents Nos. 7, 15, 20, and 21)**

DZ Atlantic has requested Plaintiffs ro produce social networking data ("SND"), electronically stored information ("ESI"), and electronic mail ("email") related to Plaintiffs residences or receipt of *per diem*. The requests do not seek broad disclosure of any and all SND,

4

ESI, and email, but instead, narrowly defines the responsive information as only those portions of Plaintiffs' SND, ESI and email which directly relates to the issues raised in this case. Although no court within this district has addressed this matter in a published order or opinion, other courts have concluded that such information is discoverable. *See e.g., EEOC v. Simply Storage Mgmt, LLC*, 270 F.R.D. 430, 434-35 (S.D. Ind. May 11, 2010) (holding that the plaintiffs' social media profiles, postings, and messages made during the applicable time frame that were relevant to Plaintiffs' claims in the case were discoverable). Other than their objection to the timeliness of DZ Atlantic's motion, Plaintiffs have not provided the court with any reason why this information is not subject to discovery. Because Plaintiffs have direct access to their SND, ESI, and e-mail accounts, the court does not find it appropriate to require DZ Atlantic to undertake the unnecessary burden of having to seek this information from the relevant service providers as Plaintiffs suggest. Accordingly, the court compels Plaintiffs to provide DZ Atlantic with a full and complete response to these requests, including a clear indication of whether such information exists regardless of whether it is in Plaintiffs' actual possession, within ten (10) days of this order.

**Job Seeking and Mitigation Efforts (First Request for Production of Documents No. 11, and First Interrogatory No. 15)**

DZ Atlantic contends that Plaintiffs have inadequately responded to its request for information related to Plaintiffs' efforts to find employment subsequent to their termination and further assert that this information is directly related to Plaintiffs' mitigation efforts. Under South Carolina law, an employee complaining of unlawful discharge or similar action may "recover only damages for losses which, in the exercise of due diligence, he could not avoid. The employee's so-called duty to mitigate his damages permits the employee to recover the amount of his losses caused by the employer's breach reduced by the amount the employee obtains, or through reasonable

5

diligence could have obtained, from other suitable employment." *Chastain v. Owens Carolina, Inc.*, 310 S.C. 417, 419, 426 S.E.2d 834, 835 (Ct. App. 1993) (citing *Smalls v. Springs Industries, Inc.*, 300 S.C. 481, 388 S.E.2d 808 (1990)). This information is relevant to the issues raised in this case and, therefore, discoverable. Accordingly, the court compels Plaintiffs to provide DZ Atlantic with a full and complete response to these requests, including a clear indication of whether such information exists regardless of whether it is in Plaintiffs' actual possession, within ten (10) days of this order.

**Other Statements or Testimony (First Request for Production of Documents No. 13)**

DZ Atlantic contends that Plaintiffs have not clearly responded to its request seeking copies of depositions in Plaintiffs' possession or reasonably obtainable by Plaintiffs related to the allegations in Plaintiffs' complaint. Specifically, DZ Atlantic claims that Plaintiffs first indicated that the documents were available for review in Plaintiffs' counsel's office, but later supplemented their response to indicate that they did not have any responsive documents. Because Plaintiffs have provided inconsistent responses, the court compels Plaintiffs to provide DZ Atlantic with a full and complete response to this request, including a clear indication of whether such information exists regardless of whether it is in Plaintiffs' actual possession, within ten (10) days of this order.

**Documents Related to Plaintiffs' Temporary and Permanent Residences (First Request for Production of Documents Nos. 19 and 22, and First Interrogatories Nos. 3 and 4)**

DZ Atlantic requests that the court compel Plaintiffs to identify information and produce all documents responsive to certain discovery requests seeking information and documents that "show, substantiate, or relate to each of the permanent and temporary residences listed on any of the Certificates of Per Diem Eligibility Plaintiff submitted during Plaintiff's employment with Defendant, including but not limited to drivers' licenses, voter registrations, utility bills, . . . and any

6

other documents." Plaintiffs responded by indicating that DZ Atlantic was already in possession of the responsive documents because such documents were submitted to DZ Atlantic during Plaintiffs' employment. Based on Plaintiffs' responses, it is apparent that Plaintiffs misconstrued the requests. The requests clearly require the production of documentation beyond that which was submitted to DZ Atlantic during Plaintiffs' employment. Additionally, some of Plaintiffs indicated in their depositions that they are in possession of, but haven't produced, responsive documents. Therefore, the court compels Plaintiffs to provide DZ Atlantic with a full and complete response to this request, including a clear indication of whether such information exists regardless of whether it is in Plaintiffs' actual possession, within ten (10) days of this order.

**Potential Witnesses (First Interrogatories Nos. 2, 8, 10, and 11)**

DZ Atlantic requests the court to compel Plaintiffs (1) to identify persons residing with Plaintiffs at their claimed addresses; (2) to identify witnesses and the facts known to them that support Plaintiffs' claims; (3) to specifically identify individuals with whom Plaintiffs discussed their claims; and (4) to identify DZ Atlantic employees with whom Plaintiffs communicated. DZ Atlantic claims that Plaintiffs' failure to provide the requested information precludes DZ Atlantic from determining which potential witnesses it wishes to depose. Plaintiffs argue that because DZ Atlantic's motion was not timely filed, Plaintiffs cannot be compelled to provide this information. However, Plaintiffs fail to assert any other argument to rebut DZ Atlantic's motion. In their response to DZ Atlantic's interrogatory requesting identification of persons residing with Plaintiffs at their claimed addresses, Plaintiffs state that they will supplement their response, thereby implicitly agreeing that the information DZ Atlantic seeks is relevant. However, Plaintiffs have yet to fulfill their promise to provide the requested information and ask the court to allow them to avoid

providing the information solely on the basis that DZ Atlantic did not file its motion in a timely manner. The court does not find Plaintiffs' argument persuasive and finds that DZ Atlantic is entitled to the discovery. The court compels Plaintiffs to fully respond to DZ Atlantic's request within ten (10) days of this order.

**Damage Calculations (First Interrogatories Nos. 12 and 13)**

DZ Atlantic requests the court to compel Plaintiffs to provide information regarding the amount of their claimed damages and the specific documents on which Plaintiffs relied to arrive at the amount of their claimed damages. In their response to the interrogatories at issue, Plaintiffs refer generally to certain types of documents, but do not identify any specific documents on which they have relied. Now, Plaintiffs argue that because DZ Atlantic's motion was not timely filed, Plaintiffs cannot be compelled to provide this information. However, Plaintiffs fail to assert any other argument to rebut DZ Atlantic's motion. The court does not find Plaintiffs' argument persuasive and finds that DZ Atlantic is entitled to discovery of the amount of Plaintiffs' claimed damages, as well as the specific documents on which Plaintiffs have relied to arrive at the amount of their claimed damages. The court compels Plaintiffs to fully respond to DZ Atlantic's request within ten (10) days of this order.

**Other Employment History (First Interrogatories Nos. 17 and 18)**

DZ Atlantic contends that Plaintiffs have failed to provide information regarding discharges, demotions, and suspensions from employment. DZ Atlantic also seeks information regarding Plaintiffs' employment subsequent to their termination from DZ Atlantic. DZ Atlantic argues that this information is necessary to determine Plaintiffs' potential damages and Plaintiffs' efforts to mitigate their damages. In their response to DZ Atlantic's discovery requests, Plaintiffs simply refer

to their response to Interrogatory No. 1, but this response does not provide the information that DZ Atlantic requested. Now, Plaintiffs argue that DZ Atlantic's motion was not timely filed, and that Plaintiffs cannot be compelled to provide this information. However, Plaintiffs fail to assert any other argument to rebut DZ Atlantic's motion. The court does not find Plaintiffs' argument persuasive and finds that DZ Atlantic is entitled to discovery of this information. Accordingly, the court compels each Plaintiff to fully respond to DZ Atlantic's request within ten (10) days of this order.

## CONCLUSION

Based on the foregoing, and upon consideration of the record herein, Defendant's Motion to Compel Discovery [Dkt. No. 106, Civil Action No. 8:09-cv-02383-JMC and Dkt. No. 61, Civil Action No. 8:09-cv-02942-JMC] is **GRANTED**. The court declines to award any fees associated with the filing of this motion.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

September 12, 2012
Greenville, South Carolina